```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

```
BARBARA J. AUSTIN,                  :
                                    :
      Plaintiff,                    :
                                    :
vs.                                 :    CIVIL ACTION 96-0626-P-M
                                    :
JO ANNE B. BARNHART,                :
Commissioner of                     :
Social Security,                    :
                                    :
      Defendant.                    :
```

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), with supporting Memorandum (Docs. 28, 29) and Defendant's Response to Plaintiff's Motion for an Award of Attorney's Fees (Doc. 33).  After consideration of all pertinent materials in the file, it is recommended that Plaintiff's attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) be granted and that Plaintiff's attorney, Rose A. McPhillips, be awarded a fee of $4,792.00 for her services before the Court.

Plaintiff Barbara J. Austin hired Ms. McPhillips on May 3, 1992, to pursue her claims for a period of disability, Disability Insurance Benefits, and Supplemental Security Income benefits after her claims were denied initially and upon reconsideration at the administrative hearing level.  At that

time, it was agreed that Ms. McPhillips would receive 25 percent of past-due disability benefits due Plaintiff.  A written contingent fee agreement was executed by Plaintiff on March 8, 1993, prior to filing this action in federal court (Doc. 29, Ex. 1).

For the past approximately 13 years and 3 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed applications for disability and SSI benefits, which were denied initially and upon reconsideration.  The claims were also denied at the hearing level by an ALJ on April 19, 1995.  Plaintiff appealed and, on May 7, 1996, the Appeals Council upheld the denial of benefits.

On behalf of Plaintiff, Ms. McPhillips commenced a civil action in this Court on June 28, 1996 (Doc. 1).  See 42 U.S.C. §405(g).  Oral argument was held on April 20, 1998.  A Report and Recommendation was entered on April 21, 1998, recommending that the decision of the Commissioner be reversed and that this action be remanded for further administrative proceedings (Doc. 15).  By Order and Judgment entered July 24, 1998, Senior Judge Pittman adopted the Report and Recommendation and entered Judgment in favor of Plaintiff and against Defendant, remanding this action for further administrative proceedings (Docs. 17 and

18).

Upon remand, the Administrative Law Judge issued a partially favorable decision on July 21, 1999. On September 23, 1999, Plaintiff appealed the unfavorable aspect of the case. As of this date, no decision has been rendered on that appeal; however, Plaintiff's counsel has been notified that Plaintiff is now deceased.

Counsel was informed by letter dated July 18, 2005, that $8,792.00 had been withheld from Plaintiff's benefits and, after payment of a $4,000.00 administrative attorney fee, there remained the sum of $4,792.00 withheld in anticipation of the payment of a fee to Ms. McPhillips' for her representation of Plaintiff before this Court. Counsel states that this letter was the first notice received regarding any monies withheld and that she believes this is money withheld from benefits obtained under the partially favorable decision rather than any action on the pending appeal.
Plaintiff was awarded past-due benefits totaling $35,268.00, of which $8,792.00 was withheld in order to pay approved attorney fees. Counsel for Plaintiff has been paid $4,000.00 for her services at the administrative level.

On July 25, 2005, Ms. McPhillips filed the pending Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) for

services before this Court, requesting approval of a fee in the amount of $4,792.00 (Doc. 28).  That amount, when added to the $4,000.00 administrative attorney fee, totals $8,792.00, representing 25 percent of past-due disability insurance benefits due Plaintiff for payment of an attorney's fee.  Ms. McPhillips spent a total of 23.5 hours before this Court and has represented Plaintiff before this Court since 1996, when the complaint for judicial review was filed, without compensation for her time spent before this Court (Doc. 28).  Defendant has responded that she does not object to an award of $4,792.00 (Doc. 33).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).[1]  The fee is payable "out of, and not in addition to, the amount of [the]

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

past-due benefits." Ibid. Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to 25 percent of the past-due benefits awarded).

Although the SSA does not withhold funds from an award of SSI benefits for the payment of attorney's fees, an attorney may be able to collect a fee for such Title XVI representation directly from his or her client pursuant to their fee agreement. Motley v. Heckler, 800 F.2d 1253, 1255 n.5 (4th Cir. 1986). Furthermore, while it is clear that the Secretary [now Commissioner] must approve any fee for Title XVI services performed at the administrative level, Motley, 800 F.2d at 1255, n.3 (citing 20 C.F.R. § 416.1520), it is not clear whether this Court is required to approve a Title XVI fee for services performed before this Court or any appellate court.  See Motley, supra.  However, given the fact that counsel requests court approval of the fee, and given the purpose of Title XVI, which is to provide benefits to financially needy individuals who are aged, blind, or disabled, regardless of their insured status,

the undersigned is of the opinion that the Court should consider whether the fee requested is reasonable and specifically authorize counsel's withdrawal of such a fee from a trust or escrow account.  No such fee is being requested in this action.

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as

an independent check, to assure that they yield reasonable results in particular cases". Id. at 1828.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.  Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration.  Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified." Gisbrecht, 122 S.Ct. at 1822.  In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client.  Id. at 1822.  Although Plaintiff's counsel requested such a fee in this action (*see* Doc. 20), it was denied as being untimely filed (Docs. 26 and 27).

The Supreme Court in Gisbrecht did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, e.g., McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard).  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989).  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.  See id., at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same).  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by

Case 1:96-cv-00626-P-M   Document 34   Filed 08/24/05   Page 9 of 12

> the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See Rodriguez, 865 F.2d at 741. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney. Wells, 907 F.2d at 372. A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction. Id. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable. Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a

9

windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed 25 percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by <u>Gisbrecht</u> and the opinions cited above, the Court finds that Ms. McPhillips has diligently represented Plaintiff since 1996 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Ms. McPhillips contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which she agreed to the fee being requested by Ms. McPhillips.  The total fee requested does not exceed 25 percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with her attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $4,792.00 is reasonable for the services rendered before this Court.

Therefore, it is recommended that Plaintiff's attorney's Motion for an Award of Attorney Fees Under § 406(b) be granted and that Plaintiff's attorney be awarded a fee of $4,792.00

for her services before this Court.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

11

2.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 24th day of August, 2005.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE